**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-7702**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARCEL BARNES, a/k/a Larry Kevin Brown,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Rebecca Beach Smith, District
Judge. (2:94-cr-00052-RBS-3)

_____

Submitted: June 9, 2010              Decided: July 19, 2010

_____

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Marcel Barnes, Appellant Pro Se. Laura Marie Everhart,
Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcel Barnes appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion for reduction of sentence. We affirm.

Under § 3582(c)(2), the district court may reduce the term of imprisonment "of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S. Sentencing Commission Manual § 1B1.10, p.s. (2009). Further, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under . . . § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B), p.s.

A defendant may obtain relief under § 3582(c)(2) only if an amendment to the sentencing guidelines has lowered the defendant's advisory guidelines range. Barnes was therefore not entitled to relief under § 3582(c)(2) based on his claims that his criminal history points were incorrectly tallied and that his sentence violated the rules of Gall v. United States, 552 U.S. 38 (2007), United States v. Booker, 543 U.S. 220 (2005), Apprendi v. New Jersey, 530 U.S. 466 (2000), and other cases.

2

Barnes maintained that under Amendment 709 of the Guidelines, a misdemeanor conviction for assault on a female, for which he received one criminal history point, would now not be counted, placing him in a lower criminal history category. Amendment 709, which addressed in part whether and when certain misdemeanor and petty offenses are included in the criminal history score, does not apply retroactively. See USSG § 1B1.10(c), p.s. Therefore, Barnes was not entitled to a reduction based on Amendment 709.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED